IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DESTINY D. DAVIS, on behalf of M.D., a minor;

Plaintiff,

vs.

FRANK J. BISIGNANO, Commissioner of Social Security;

Defendant.

**8:26CV646**

**ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR EXEMPTION FROM PACER USER FEES**

This is a case for judicial review of the decision of the Commissioner of Social Security denying Plaintiff's application on behalf of her minor child for Supplemental Security Income (SSI) benefits. Filing 1. It is before the Court on (1) Plaintiff's Application to Proceed in Forma Pauperis, Filing 2; (2) Plaintiff's Motion for Summons, Filing 7; and (3) Plaintiff's Motion for Exemption from PACER User Fees Based on Financial Hardship and Public Access, Filing 10.

Although Plaintiff's Application to Proceed in Forma Pauperis was submitted on a state court form rather than the AO Form 240 available on this Court's website, the Court finds that Plaintiff's Application satisfies the requirements of 28 U.S.C. § 1915(a)(1) and demonstrates that Plaintiff is unable to pay the fees or give security to commence this action. Therefore, her Application to Proceed in Forma Pauperis is granted.

Plaintiff's Motion for Summons, Filing 7, is denied as moot. Rule 3 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), provides,

> The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. If the complaint was not filed electronically, the court must notify the plaintiff of the transmission. The plaintiff need not serve a summons and complaint under Civil Rule 4.

The docket in this case includes a Public Remark that notice of the commencement of this action was transmitted to the Commissioner of Social Security and the United States Attorney for this District on October 23, 2023.

In support of her Motion for Exemption from PACER User Fees, Plaintiff argues *inter alia* that she is the mother of two minor children and that the Supplemental Security Income (SSI) benefits at issue constitute the sole source of income for her household. Filing 10 at 1 (¶ 1). She states that she has limited financial resources and an exemption from PACER user fees is necessary to monitor and participate in this proceeding. Filing 10 at 1 (¶¶ 2–3). The Court finds that Destiny D. Davis, an indigent person proceeding *pro se* in this case, Case No. 8:26cv646, has demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. Accordingly, her Motion for Exemption from PACER User Fees is granted.

Upon the Foregoing,

IT IS ORDERED that

1. Plaintiff's Application to Proceed in Forma Pauperis, Filing 2, is granted;

2. Plaintiff's Motion for Summons, Filing 7, is denied as moot; and

3. Plaintiff's Motion for Exemption from PACER User Fees Based on Financial Hardship and Public Access, Filing 10, is granted, as follows:

    a. Ms. Davis shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court, to the extent such use is incurred in the course of accessing documents in Case No. 8:26cv646. Ms. Davis shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court.

    b. Additionally, the following limitations apply:

i. This fee exemption applies only to Ms. Davis's, PACER Account No. 9365121, and is valid only for the purposes stated above;

ii. This fee exemption applies only to the electronic case files of this Court that are available through the PACER system;

iii. By accepting this exemption, Ms. Davis agrees not to sell for profit any data obtained as a result of receiving this exemption;

iv. Ms. Davis is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases;

v. This exemption is valid only while Case No. 8:26cv646 is pending.

c. This exemption may be revoked at the discretion of the Court at any time.

d. A copy of this Order shall be sent to the PACER Service Center.

Dated this 3rd day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge