IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DESTINY D. DAVIS, on behalf of M.D., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK J. BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | **8:26CV646**<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO MODIFY ORDER GRANTING EXTENSION OF TIME** |

This case is before the Court on Plaintiff's Motion for Reconsideration and to Modify Order Granting Extension of Time. Filing 15. Plaintiff points out that on November 6, 2026, the Court entered an Order, Filing 14, granting Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Remand, Filing 13, without awaiting her response. Filing 15 at 1. Plaintiff now requests that the Court consider her response in light of the administrative chronology she has set out. Filing 15 at 1–2. She asks that the Court now give Defendant an earlier reasonable deadline for his Response or alternatively require Defendant to provide a status report concerning the preparation of the certified administrative record. Filing 15 at 1, 3. Plaintiff argues that adjustment of the deadline is appropriate because Defendant has not identified any specific portion of the record that is missing or any case-specific obstacle to an earlier response. Filing 15 at 3. She also argues that the interests of the minor child, whose benefits are at issue, make it important to avoid unnecessary delay. Filing 15 at 3.

The Eighth Circuit Court of Appeals has explained that a motion to reconsider a non-final order is ordinarily construed as "one under Rule 60(b)." *Kohlbeck v. Wyndham Vacation Resorts,*

*Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) ("This court construes motions for reconsideration of non-final orders as motions under Rule 60(b) . . . ." (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018))). However, Plaintiff relies on Federal Rule of Civil Procedure 54(b) as the authority for her Motion for Reconsideration. The Court has previously stated, "[A] district court has the discretion under Rule 54(b) to revise a prior dismissal order to reinstate a previously dismissed party absent a final judgment." *Nat'l Indem. Co. v. Aioi Nissay Dowa Ins.*, No. 8:22CV199, 2022 WL 4355608, at *1 (D. Neb. Sept. 20, 2022)). Nevertheless, the Court concludes "that whether Rule 60(b) or Rule 54(b) applies to the motion[ ] for reconsideration in this case ultimately is not dispositive, where both prohibit reconsideration on the same grounds, both require a 'manifest error of law or fact' to justify relief, and both are committed to the district court's discretion." *Kuecker Logistics Group, LLC v. Greater Omaha Packing Co., Inc.*, No. 8:20CV307, 2023 WL 8187406, at *6 (D. Neb. Nov. 27, 2023).

Here, the Court concludes that its Order granting Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Remand was not "a manifest error of law or fact." *Kuecker*, 2023 WL 8187406, at *6. Rather, it was a correct application of the good-cause standard for requests for extensions of time in Federal Rule of Civil Procedure 6(b)(1). Although the Court is sympathetic to Plaintiff's sense of urgency when benefits on which she and her minor child depend are at issue, the Court reiterates that Defendant has shown good cause for the extension of the deadline to respond to Plaintiff's "sentence six" remand request. That response cannot reasonably be filed until the Defendant has assembled and evaluated the administrative record, and Defendant seeks no more than the time ordinarily required to do so. The Court concludes further that requiring Defendant to submit a status report on assembly and evaluation of the administrative record would be an unnecessary distraction from timely preparation of the record. Thus, the Court

has now considered Plaintiff's arguments in opposition to Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Remand, but the Court finds those arguments unavailing.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration and to Modify Order Granting Extension of Time, Filing 15, is denied.

Dated this 13th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge